UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


PAUL ELLIOTT, #613346,

                Petitioner,

v.                                     CASE NO. 2:10-CV-11782
                                     HONORABLE PAUL D. BORMAN

BLAINE LAFLER,

                Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION
## FOR RELEASE ON RECOGNIZANCE OR SURETY

Petitioner Paul Elliott, a Michigan prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging an aggravated stalking conviction. Respondent has filed an answer to the petition and the state court record, and Petitioner has recently filed a reply to that answer. This matter is before the Court on Petitioner's motion for release on recognizance or surety.

The United States Court of Appeals for the Sixth Circuit has stated that to receive bond pending a decision in a federal habeas case,

> [P]risoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.' *Aronson v. May*, 85 S. Ct. 3, 5; 13 L. Ed. 2d 6, 9 (1964) [additional citations omitted]. There will be few occasions where a prisoner will meet this standard.

*Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993) (quoting *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)). Federal district courts may grant bail when granting the writ. *Sizemore v. District Ct.*, 735 F.2d 204, 208 (6th Cir. 1984). However, to grant bond prior to making a determination on the merits

1

is extraordinary. *See Moore v. Egeler*, 390 F. Supp. 205, 207 (E.D. Mich. 1975) (Feikens, J.).

Having reviewed Petitioner's motion, the Court is not persuaded that the interests of justice require

release on recognizance or bond pending the resolution of this case. Petitioner's motion is therefore

**DENIED**.

**IT IS SO ORDERED.**

_____
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

DATED: 1-18-11