UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL ELLIOTT, #613346,

                Petitioner,

v.                                            CASE NO. 2:10-CV-11782
                                              HONORABLE PAUL D. BORMAN
BLAINE LAFLER,

                Respondent.
_____/

## <u>ORDER DENYING PETITIONER'S MOTION TO EXPAND THE RECORD</u>

Michigan parolee Paul Elliott ("Petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction and sentence for aggravated stalking. Respondent has filed an answer to the petition and the state court record, and Petitioner has filed a reply to that answer. This matter is before the Court on Petitioner's motion to expand the record to include a partial transcript of prior testimony (from another stalking case) by the primary witness in the present case. Petitioner asserts that such information is relevant to his claim that trial counsel was ineffective for failing to seek proper jury instructions.

Rule 7 of the Rules Governing Section 2254 permits a federal habeas court to supplement the state court record with materials relevant to the resolution of the petition. Petitioner seeks to expand the record to place new factual material before this Court which was not a part of the state court record. However, the United States Supreme Court has recently made clear that habeas review under 28 U.S.C. §2254(d) is "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, _ U.S. _, 131 S. Ct. 1388, 1398 (2011). *Cullen* thus

1

precludes Petitioner from expanding the record as requested in this case. *See, e.g., Kirby v. Attorney General ex rel. New Mexico*, No. 11-2082, 2011 WL 4346849, *11 (10th Cir. Sept. 19, 2011) (denying requests for expansion of the record and evidentiary hearing based upon *Cullen*); *Pape v. Thaler*, 645 F.3d 281, 288 (5th Cir. 2011) (ruling that district court erred in conducting evidentiary hearing and relying upon evidence from that hearing); *Atkins v. Clarke*, 642 F.3d 47, 48 (1st Cir. 2011) (rejecting appeal from denial of habeas evidentiary hearing request). Accordingly, the Court **DENIES** Petitioner's motion to expand the record.

**IT IS SO ORDERED.**


S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  October 12, 2011

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on October 12, 2011.


S/Denise Goodine
Case Manager

2